# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Macrina Perez (4),

        Defendant.

Crim. No. 16-154 (ADM/BRT)

**ORDER**

David P. Steinkamp, Esq., Craig R. Baune, Esq., James S. Alexander, Esq., United States Attorney's Office, counsel for Plaintiff.

Gary R. Wolf, Esq., Wolf Law Office, counsel for Defendant Macrina Perez.

Defendant Macrina Perez has been charged in a superseding indictment with conspiring to distribute and possess with intent to distribute methamphetamine. (Doc. No. 43.) This matter is currently before the Court on Defendant's pretrial motions. A hearing on the parties' motions was held on June 15, 2018. Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

    **1.**    **Defendant's Motion to Disclose Evidence Favorable or Helpful to the Defense.** Defendant moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, for disclosure of all evidence favorable to the defense. The Government states that it is both aware of and will continue to comply with its *Brady* obligations, though it objects to Defendant's motion to the extent that it seeks to impose disclosure requirements that surpass *Brady* and its progeny. The Government agrees to provide

Defendant, three days before trial, a copy of the criminal records, if any, of its witnesses, and also agrees to provide in advance of trial promises or agreements between the Government and its witnesses, if any. Defendant's Motion to Disclose Evidence Favorable or Helpful to the Defense (**Doc. No. 187**) is **GRANTED** to the extent required by *Brady*, *Giglio*, and their progeny. To the extent that the motion seeks early disclosure of Jencks Act material, the motion is **DENIED**, but nothing precludes the Government from making Jencks Act material available to Defendant prior to trial as is customarily done in this District.

2. **Defendant's Motion for Early Disclosure of Jencks Act Materials.**

Defendant moves for an order requiring the Government's early compliance with the Jencks Act, 18 U.S.C. § 3500, specifically requesting disclosure of Jencks Act material at least two weeks before trial. The Government objects to this motion on the grounds that while it may voluntarily turn over Jencks Act materials in advance of hearings or trial, neither the Jencks Act nor Rule 26.2 provides a basis for ordering disclosure at this stage. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Materials **(Doc. No. 188)** is **DENIED**. Nothing in this Order, however, precludes the Government from voluntarily disclosing Jenks Act material no later than five business days before trial as it has represented that it would.

### 3.     Defendant's Motion for Discovery and Inspection.

Defendant seeks disclosure of information and materials pursuant to Rule 12 of the Federal Rule of Criminal procedure. Specifically, Defendant seeks an order requiring the Government to disclose all written, recorded, or oral statements made by Defendant, the substance of any oral statement made by Defendant, and Defendant's prior record. In addition, Defendant asks for permission to inspect and/or copy certain objects, including photographs that are in the possession, custody or control of the Government and intended for use as evidence in chief at trial, and the results of any physical or mental examinations, or scientific tests or experiments. In addition, Defendant seeks a pretrial written summary of the testimony the Government intends to use pursuant to Rules 702, 703, or 705. The Government does not oppose the motion to the extent that the motion aligns with Fed. R. Crim. P. 16. The Government should continue to disclose evidence as required by the rules and pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and as subsequently delineated in the case law, including limitations upon the Government's obligation.  Therefore, Defendant's Motion for Discovery and Inspection (**Doc. No. 189**), is **GRANTED** to the extent that it conforms to the scope of Rules 12 and 16 of the Federal Rules of Criminal Procedure.  Expert witness information shall be disclosed at least **two weeks** prior to trial.

### 4.     Defendant's Motion for Disclosure of Statements of Codefendants.

Citing *Bruton v. United States*, 391 U.S. 123 (1968), Defendant seeks an order compelling the Government to give notice and disclosure of intent to use, refer to, or introduce into evidence at trial the statements or confessions of any Defendant or

unindicted co-conspirator, and granting her leave to file motions for severance, suppression, or *in limine* based on those disclosures. The Government does not object to Defendant's motion to the extent that it requests disclosure of codefendant statements that could fall under *Bruton*, however, it represents that it will not offer in a joint trial any statement by one Defendant which implicates another explicitly as *Bruton* requires. The Government also agrees to provide statements of co-conspirators if the statements contain exculpatory material or if the Government intends to call a co-conspirator at trial. Otherwise, the Government objects to the disclosure of statements. Defendant's Motion for Disclosure of Statements of Codefendants (**Doc. No. 190**) is **GRANTED IN PART** and **DENIED IN PART**. The Government shall disclose any Codefendant statements that it intends to introduce into evidence no less than **fourteen days** before trial. The Government, however, is not required to disclose the statements of unindicted coconspirators prior to their trial testimony, as such statements are covered by the Jencks Act and beyond the scope of *Bruton*'s rule regarding the statements of non-testifying codefendants. Again, nothing in this Order precludes the Government from voluntarily producing the statements of unindicted coconspirators five business days before trial, as it has represented it would.

     **5.**    **Defendant's Motion to Retain Rough Notes.** Defendant seeks an order requiring government agents to preserve all rough notes taken as part of the investigation into this case. The Government does not object to Defendant's request and has indicated that it will instruct its agents to retain their rough notes. Defendant's Motion to Retain Rough Notes (**Doc. No. 191**) is **GRANTED**.

6. **Defendant's Motion to Suppress Statements and Admissions.**

Defendant seeks an order suppressing all statements made by herself to police officers on December 4, 2014. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant shall file her post-hearing brief no later than **June 29, 2018**, and the Government shall file its response by **July 6, 2018**. The Court will take Defendant's Motion to Suppress Statements and Admissions **(Doc. No. 192)** under advisement on **July 6, 2018**, and issue a **Report and Recommendation** to the District Court.

7. **Defendant's Motion to Suppress Evidence Seized after Stop and Seizure of the Defendant.** Defendant seeks an order suppressing evidence seized by police (*i.e.*, her Samsung Note 3 smart phone) without a warrant from a parked motor vehicle at a motel in Rogers, MN. The Government opposes the motion. The Court requests post-hearing briefing on the issue. Defendant shall file her post-hearing brief no later than **June 29, 2018**, and the Government shall file its response by **July 6, 2018**. The Court will take Defendant's Motion to Suppress Statements and Admissions **(Doc. No. 193)** under advisement on **July 6, 2018**, and issue a **Report and Recommendation** to the District Court.

8. **Defendant's Motion to Disclose Identity of Informants and All Records Concerning Informants.** Defendant moves to compel the Government to disclose the identity of the informant utilized in this case to make alleged buys from the Defendant, and to produce all records regarding this informant as soon as practicable. At the motions hearing, the Government represented that there are no active participant CIs or CIs that

would by considered material under *Rovario*. The Government also represented that there are co-conspirators who will be called as witnesses and that it would provide the identities and any statements by those witnesses to defense counsel two weeks before trial. The Defendant agreed that was reasonable. The Court agrees that a disclosure deadline of fourteen days before trial adequately balances the Government's interest in ensuring the CIs' safety and the Defendant's interest in having sufficient time to interview the informants about potentially exculpatory information and to prepare for possible cross-examination. *See United States v. Webster*, 490 F.2d 435, 437 (8th Cir. 1974) (explaining that a defendant is entitled to information about a CI "to enable his counsel to interview [the CI] to learn of any possible exculpatory information or to prepare for possible cross-examination"). Defendants' Motion to Disclose Identity of Informants and All Records Concerning Informants (**Doc. No. 194**) is **GRANTED** to the extent that the Government shall disclose the identities and file information of any CIs or co-conspirators who were active participants in the alleged offenses or will testify at trial. The Government shall produce this information no later than **fourteen days** before trial.

9. **Defendant's Motion to Disclose Statements and Reports of Witnesses at Motions Hearing.** Defendant seeks disclosure, pursuant to Fed. R. Crim. P. 26.2, of all reports, notes, and the grand jury testimony of government witnesses who will testify at the motions hearing, prior to the motions hearing. The Government agreed to comply with Rule 26.2 in its brief, and represented at the hearing that there is no such prior testimony and that he has produced the relevant police reports. Both counsel then agreed

at the hearing that this motion is now moot. Defendant's Motion to Disclose Statements and Reports of Witnesses at Motions Hearing (**Doc. No. 195**) is **DENIED AS MOOT**.

    **10.** All voir dire questions and jury instructions must be submitted to District Judge Ann D. Montgomery on or before **July 30, 2018.**

    **11.** This case shall commence trial on **August 6, 2018, at 9:30 a.m.** before District Judge Ann D. Montgomery in Courtroom 13W, U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

Date:  June 15, 2018

                                            *s/ Becky R. Thorson*
                                            BECKY R. THORSON
                                            United States Magistrate Judge