UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

              Plaintiff,            **MEMORANDUM OPINION**
v.                   **AND ORDER**
                                            Criminal No. 16-154(4) ADM/BRT

Macrina Perez,
              Defendant.

___

David P. Steinkamp, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Macrina Perez, pro se.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Macrina Perez's pro se Motion [Docket No. 253] for compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

On August 14, 2018, Perez entered a plea of guilty to conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C.§§ 841(a)(1) and 841(b)(1)(A). Min. Entry [Docket No. 215]; Plea Agreement [Docket No. 217]. In the Plea Agreement, Perez admitted that from September 2013 to December 2014, she conspired with others to distribute and possess with intent to distribute methamphetamine in Minneapolis and St. Paul, and that she obtained at least 45 kilograms of methamphetamine for sale to dealers and users in Minnesota. Plea Agreement ¶ 2.

Perez was sentenced on March 7, 2019. Min. Entry [Docket No. 235]. The Court applied a downward structured variance of two levels to reflect that Perez was eligible for the expanded safety valve provisions under the First Step Act. Statement Reasons [Docket No. 237] at 4. As a result, Perez's offense level was reduced from 35 to 33, the guideline range was reduced from 181-235 months to 151-188 months, and the mandatory minimum sentence of 120 months no longer applied. Id. at 1, 4. The Court departed substantially downward from the reduced guideline range and sentenced Perez to a term of 102 months and 5 years of supervised release. Sentencing J. [Docket No. 236] at 2-3.

Perez is currently in custody at the federal correctional institution in Phoenix, Arizona ("FCI-Phoenix"). See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited March 29, 2022). Her projected release date is July 5, 2025. Id. During her time in custody, Perez has taken several educational courses, earned her general equivalency diploma, and has not incurred any disciplinary violations. Compassionate Release Investigation [Docket No. 255] at 2.

Perez, age 29, now asks the Court to grant her compassionate release under 18 U.S.C. § 3582(c)(1)(A). She argues that extraordinary and compelling reasons warrant her immediate release based on health and family concerns. Perez contends she is at increased risk of becoming seriously ill or dying if she contracts COVID-19 because she has a history of smoking and also suffers from depression and anxiety. Perez's medical records show she has been treated for mental health concerns and has received the COVID-19 vaccine. See Gov't Ex. [Docket No. 261] at 1–3, 30.

Perez also argues that her family circumstances justify her release. She alleges that her

son and daughter are separated and being cared for by relatives, and that the children are suffering from anxiety, detachment, and behavioral issues due to their separation from her and each other.

The Government has filed a Response [Docket No. 260] arguing that Perez has not met her burden of establishing that a sentence reduction is warranted under the statute.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling reasons" to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 comment n.1(A)(ii).  "Extraordinary and compelling reasons" also include family circumstances in which the caregiver of the defendant's minor children has died or become incapacitated.  U.S.S.G. § 1B1.13 comment n.1(C)  The policy statement requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A).  U.S.S.G.

3

§ 1B1.13(2). The policy statement and its commentary are "relevant but not binding" on the Court's determination of whether extraordinary and compelling reasons exist that would justify a sentence reduction. United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021).

Perez's health concerns do not warrant compassionate release because her vaccination protects her from severe illness or death were she to contract COVID-19. Although breakthrough infections can occur in people who have received the vaccine, the Centers for Disease Control and Prevention ("CDC") states that "[e]ven when fully vaccinated people develop symptoms, they tend to be less severe symptoms than in unvaccinated people," and that vaccinated individuals "are much less likely to be hospitalized or die than people who are not vaccinated." CDC, COVID-19, The Possibility of Breakthrough Infections after Vaccination, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (last visited Mar. 29, 2022). As a result, Perez's health conditions amid the COVID-19 pandemic do not constitute extraordinary and compelling reasons justifying a sentence reduction. See United States v. Rodriguez, No. 15-CR-0254 (PJS), 2021 WL 1187149, at *2 (D. Minn. Mar. 30, 2021) (holding that the "small risk that [the vaccinated defendant] may contract COVID-19 and become seriously ill is simply too speculative to justify . . . release"); United States v. Williams, No. CR 16-251 (DWF), 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021) (denying compassionate release for vaccinated defendant with kidney disease, obesity, and high blood pressure because "any risk that [defendant] will be reinfected with COVID-19 is largely mitigated by the fact that he has been fully vaccinated against the virus").

Perez's family circumstances are also not extraordinary and compelling reasons to reduce her sentence. The Court is sympathetic to the hardship that her children are suffering while she

4

is incarcerated. Sadly, however, "hardship on the family almost always results from serious criminal conduct, and rarely rises to the level of extraordinary and compelling." United States v. Mojica, No. 19-CR-629, 2020 WL 6746478, at *1 (S.D.N.Y. Nov. 16, 2020). Perez has not provided evidence of dire family circumstances that would warrant compassionate release on this ground.

In sum, Perez's reasons for release, whether considered separately or collectively, are not extraordinary and compelling.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Macrina Perez's pro se Motion [Docket No. 253] for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is **DENIED.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  March 29, 2022